UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT HARPER,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No.  2:25-cv-03700-DC-SCR<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding pro se and this matter is accordingly referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Before the Court are Defendants' motions to dismiss (ECF Nos. 6 & 10) and Plaintiff's opposition/motion for leave to amend (ECF No. 15).  The Court heard oral argument on the motions on April 9, 2026, and now recommends that the motions to dismiss be GRANTED and Plaintiff be GRANTED leave to amend.  On the day of the hearing, Plaintiff also filed a motion for default judgment (ECF No. 21), which should be DENIED.

## I.    Background and Procedural History

Plaintiff filed this action on December 23, 2025, alleging claims under Title VII of the Civil Rights Act, as codified under 42 U.S.C. §§ 2000e, et seq., against four defendants: 1) the

1

California Department of Corrections and Rehabilitation ("CDCR"); 2) Kenneth Piva, a Correctional Sergeant; 3) the Merit Appeals Division of the State Personnel Board ("SPB"); and 4) Nicholas Flesuras, an Associate Governmental Program Analyst with the California Civil Rights Department. ECF No. 1 at 1-2. Plaintiff's factual allegations are sparse, but he alleges failure to hire and retaliation. *Id.* at 4. Plaintiff alleges he filed a charge with the Equal Employment Opportunity Commission ("EEOC") on January 31, 2024, and that he received a notice of right to sue letter on October 10, 2025. *Id*. at 5. Plaintiff seeks $150,000 for lost wages and $150,000 for punitive damages. *Id*. at 6.

Defendants CDCR and Piva filed a motion to dismiss on February 25, 2026. ECF No. 6. CDCR and Piva argue failure to state a claim under Rule 12(b)(6), and in the alternative request a more definite statement. *Id*. at 2. On March 6, 2026, the SPB[1] moved to dismiss pursuant to Rule 12(b)(6) for failure to state a claim and argues that it is not an "employer" under Title VII for the purposes of this claim because Plaintiff has sued CDCR as his potential employer. ECF No. 10-1 at 2. SPB also argues that Plaintiff failed to exhaust administrative remedies as to SPB, because CDCR was the only entity named in the notice of right to sue letter. *Id*. at 8.

As to the remaining defendant, Nicholas Flesuras, Plaintiff filed a request for entry of default. ECF No. 8. The Clerk entered default against Flesuras on March 10, 2026. ECF No. 13. Plaintiff also filed a request for entry of default against SPB, but that request was received on the same day, and shortly after, the SPB had filed a motion to dismiss. ECF No. 12. The Clerk denied that request. ECF No. 14.

Plaintiff filed an opposition to both motions to dismiss (ECF Nos. 11 & 15) and Defendants have filed reply briefs (ECF Nos. 16 & 17). Plaintiff's opposition brief also requests leave to amend his complaint. ECF No. 15. The Court heard oral argument on the motions on April 9, 2026.

---

[1] Defendant California State Personnel Board states it was erroneously named in the complaint as the Merit Appeals Division and uses the acronym SPB in its briefing (ECF No. 10 at 1), which the Court will adopt.

On the day of the hearing, Plaintiff also filed a "notice of supplemental authority" (ECF No. 20) which had not been docketed as of the time of the hearing. This filing is improper under Local Rule 230(m). Although captioned a notice of supplemental authority, it does not comply with Local Rule 230(m)(2) in that it did not seek "to bring to the Court's attention a relevant judicial opinion issued after the date that" Plaintiff's opposition was filed. Given Plaintiff's pro se status, the Court will consider the untimely additional briefing, and offered Defendants the option of filing a response by April 15, 2026. ECF No. 19. Defendants filed supplement briefs (ECF Nos. 22 & 23) after the hearing, which the Court has considered.

## II.   Legal Standard under Rule 12(b)(6)

### A.   Rule 12(b)(6) legal standard

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true all well-pleaded factual allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Walker v. Fred Meyer, Inc.*, 953 F.3d 1082, 1086 (9th Cir. 2020). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic

3

recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

In ruling on a motion to dismiss under Rule 12(b)(6), the court is permitted to consider material that is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiffs' complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d. 668, 688–89 (9th Cir. 2001).

### III.    Analysis

The complaint is on a form and includes only a couple sentences of factual allegations. There are no clear allegations about the roles of the four Defendants. Plaintiff claims that CDCR policy provides that past termination from prior employment, criminal history, or military discharge are not automatically disqualifying, as long as those events are truthfully disclosed. ECF No. 1 at 5. The remaining sentences of factual averments are unclear. Plaintiff references a prior EEOC "pretext retaliation/defamation" matter. *Id.* He states the SPB followed up "with discriminant harm," and Plaintiff then "followed through with a Civil Rights filing which would also continue discriminatory harm." *Id.* Defendants move to dismiss based on the inadequacy of the pleading, an argument which is well-taken, and also raise other arguments that would preclude the claims against some Defendants as a matter of law.

### A.   CDCR's and Piva's Motion to Dismiss (ECF No. 6)

The motion raises several arguments: 1) the complaint does not allege wrongful conduct based on a protected category; 2) Plaintiff has failed to show he obtained a right to sue letter; 3) Piva cannot be liable because individuals are not liable under Title VII (citing *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993); and 4) the allegations are vague and conclusory. ECF No. 6 at 2. In opposition to the motion, Plaintiff states that he was issued a right to sue letter on October 10, 2025. ECF No. 11 at 2. Plaintiff asserts the protected classes of age and race, and states he was a 57-year-old black applicant. *Id*.

4

Plaintiff's factual allegations in his opposition are difficult to follow. However, he attaches several exhibits that are relevant to the issue of leave to amend. He attaches the first page of his right to sue letter dated October 10, 2025, which states his claim was closed for insufficient evidence. ECF No. 11 at 7. He attaches a letter dated January 31, 2024, that is signed by Defendant Piva and concerns the background investigation for employment. *Id*. at 8. The letter recounts that Plaintiff applied for an officer position with CDCR on October 6, 2023. As part of the application, Plaintiff disclosed that he was fired from a position with Amazon on May 12, 2023, for alleged theft. *Id.* According to the Piva letter, when a potential employee has been terminated from employment, or resigned in lieu of termination within one year of the application date, they are disqualified. The Piva letter states: "This factor alone has resulted in a determination you do not meet the criteria for employment as a peace officer with this Department at this time." *Id.* The letter advises that Plaintiff can appeal to the SPB within 30 days. *Id*. Plaintiff did appeal and attaches his letter of appeal. *Id.* at 9. The appeal was denied. It appears the SPB sent him multiple letters, the first two raising procedural issues with his appeal. Ultimately, on March 28, 2024, SBP denied his appeal because he had not challenged the factual basis for the denial. Plaintiff had argued the termination from Amazon was wrongful, but had not challenged the fact that he had been terminated from employment in the one year proceeding his application to CDCR. *Id*. at 14.

Returning to CDCR's four arguments for dismissal, the Court agrees that the complaint does not allege discrimination based on a protected category. The complaint itself does not even assert Plaintiff's age or race—that information was provided in opposition briefing. If Plaintiff is alleging a Title VII discrimination claim, he must allege as an element that he is a member of a protected class. *See Maner v. Dignity Health*, 9 F.4th 1114, 1120 (9th Cir. 2021) ("Title VII makes it unlawful for a covered employer 'to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual . . . because of such individual's race, color, religion, sex, or national origin.'") (citation omitted). If Plaintiff is alleging retaliation, he must allege that he engaged in protected activity. *See Cheatham v. City of Phoenix*, 699 F.App'x 647, 649 (9th Cir. 2017) ("To make out a prima facie case of retaliation under Title VII, an employee

5

must show that (1) he engaged in protected activity; (2) his employer subjected him to an adverse employment action; and (3) a causal link exists between the protected activity and adverse action.").

As to CDCR's second argument, the right to sue letter was not attached to the complaint, but Plaintiff did allege he had obtained one.  The Court does not find the failure to attach the letter to be a sufficient basis, standing alone, for dismissal.  *See Watkins v. City of Moreno Valley*, 2018 WL 6265100 at *4 (C.D. Cal. Feb. 13, 2018) (declining dismissal for failure to attach right to sue letter and stating: "Given that [Plaintiff] has specified the date on which she filed her administrative complaint and received her right to sue letter, the Complaint satisfies Rule 8's liberal standard.").

As to Defendant Piva, Defendants' argument is well-taken that Piva is not individually liable under Title VII.  "The statutory scheme itself indicates that Congress did not intend to impose individual liability on employees.  Title VII limits liability to employers with fifteen or more employees."  *Miller*, 991 F.2d at 587; *see also Dunn v. Bates Tech. College*, 2025 WL 2028314, *1 (9th Cir. July 21, 2025) ("Title VII precludes personal liability for individual supervisors and managers.") (citation omitted).

Finally, the Court agrees with CDCR's fourth point, that the allegations of the complaint are vague and conclusory.

The Court recommends the motion to dismiss be GRANTED and will discuss the scope of leave to amend below.

**B. SPB's Motion to Dismiss (ECF No. 10)**

SPB argues the claims against it should be dismissed for failure to state a claim pursuant to Rule 12(b)(6).  SPB states that it is not an "employer" as defined by Title VII, and that Plaintiff failed to exhaust administrative remedies.  ECF No. 10 at 2.  SPB argues that an employer-employee relationship must exist in order for plaintiff to have standing to sue.  *Id.* at 6-7, citing *Lutcher v. Musicians Local 47*, 633 F.2d 880, 883 (9th Cir. 1980).  The *Lutcher* case states that "there must be some connection with an employment relationship for Title VII protections to apply[.]" 633 F.2d at 883.  SPB contends that Title VII does not apply to the activities of state

agencies when not acting as an employer. *Id*. at 7, citing *Haddock v. Board of Dental Examiners*, 777 F.2d 462, 464 (9th Cir.1996).  In the *Haddock* case, the Ninth Circuit found that the district court properly dismissed plaintiff's Title VII claims, but that plaintiff "should be allowed to pursue his claims under § 1983[.]" *Id*. at 464-65.

Plaintiff's opposition to SBP's motion is somewhat difficult to follow.  Giving Plaintiff the benefit a liberal construction, it appears he claims he was directly harmed by SPB because it "copy and paste" CDCR's and Piva's findings and did not correct the inaccurate assessment. ECF No. 15 at 1-2.  Plaintiff claims this was a due process violation.  *Id*. at 2.  He claims the SPB "fails in its capacity to not hold CDCR or Kenneth Piva accountable in their violation of public policy[.]" *Id*. at 3.  He also mentions 42 U.S.C. § 1983.  *Id.* at 6.  Plaintiff's opposition requests leave to amend, so it may be that he wants to bring a § 1983 due process claim against SPB.

The Court agrees that Plaintiff has failed to state a Title VII claim against the SPB who was not his employer or prospective employer.  The instant complaint further fails to allege a § 1983 claim against SPB.

The Court recommends the motion to dismiss be GRANTED, but for the reasons discussed further below, Plaintiff be allowed leave to amend.

### C.  Leave to Amend

The Court has considered Plaintiff's pro se status and whether he should be granted leave to amend.  *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.").   Plaintiff's opposition brief (ECF No. 15) requests leave to amend.  The opposition was filed on March 11, 2026, only 14 days after the first MTD on February 25, 2026.  Thus, at the time he requested LTA, Plaintiff was within the 21-day window to amend as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B).  But Plaintiff did not attach a proposed amended complaint to his motion, and did not file an amended complaint within the 21-day window.

The Court recommends that the Title VII claims against Piva and Flesuras be dismissed without leave to amend because those claims fail as a matter of law and amendment would be

7

futile.[2]  The Court recommends the Title VII claims against CDCR and SPB be dismissed with leave to amend only against CDCR and only as to a retaliation theory.  Plaintiff has not proffered any facts plausibly showing discrimination by CDCR based on race or age, including when the Court inquired as to such facts at the hearing.  Accordingly, any amendment to allege discrimination on the basis of race or age would be futile.  However, Plaintiff suggested at oral argument that his theory may be that he engaged in protected activity while at a prior employer, disclosed that activity in his application to CDCR, and was subject to retaliation by CDCR as a result.  It is not entirely clear that amendment on this basis would be futile.  *See Heneage v. DTE Energy*, 614 F.App'x 893 (9th Cir. 2015) (finding plaintiff adequately alleged Title VII retaliation against prospective employer).

Plaintiff has also indicated in his opposition and notice of supplemental authority that he may seek to bring claims against CDCR or SPB under other provisions of law, such as § 1983.  Any § 1983 claims against CDCR or SPB would be barred by Eleventh Amendment immunity.  *See Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997); *see also Diaz v. CDCR*, No. 2:17-cv-0235 KJN P, 2017 WL 1079947, at *2 (E.D. Cal. Mar. 21, 2017) (§ 1983 claims against CDCR barred by the Eleventh Amendment).  Such claims would also be barred because CDCR and SBP—as state agencies—are not persons subject to being sued under § 1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).  Leave to amend to assert a § 1983 claim against those agencies would be futile.  However, Plaintiff may seek to assert a claim under § 1983 against an individual defendant responsible for any alleged violation of Plaintiff's constitutional rights.  Moreover, Plaintiff may also seek to assert state law causes of action against CDCR and SBP.

**D.  Motion for Default Judgment (ECF No. 21)**

On April 9, 2026, Plaintiff filed a motion for default judgment against Defendant Flesuras.  Plaintiff contends that Flesuras was served on February 4, 2026, and that an answer or responsive pleading was due by February 25, 2026.  The Clerk has entered default.  ECF No. 13.  The entry

---

[2]  The Court addresses Plaintiff's claims against Flesuras below.

8

of default however, does not entitle a party to a default judgment. Granting or denying default judgment is within the court's sound discretion. *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d. 1089, 1092 (9th Cir. 1980). Upon entry of default, the complaint's well-pled factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven. *See Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). In exercising its discretion, the court considers a variety of factors. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Among them are:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

The complaint contains no factual allegations as to the alleged conduct of Flesuras. Thus, the complaint fails to state a claim against Flesuras. The second and third *Eitel* factors "relating to the merits of Plaintiffs' claims and the sufficiency of the complaint, can be discussed in tandem." *Ramirez v. Michael Cookson Const.*, Inc., 2023 WL 4743050 (E.D. Cal. July 25, 2023) (internal citation omitted). Facts which are not established by the pleadings cannot support a default judgment. *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). Stated otherwise, the factual allegations must appear in the complaint, and cannot be supplemented by the motion for default judgment. *See Waters v. Mitchell*, 600 F.Supp.3d 1177, 1183 (W.D. Wa. 2022) ("while [plaintiff] sets forth additional factual allegations relevant to his claims in his motion for default judgment and supporting declaration, he cannot used such allegations to supplement his complaint.") (citations omitted).

////

////

////

////

9

The allegations in the complaint against Flesuras are entirely lacking. The role of Flesuras is unclear from the complaint.[3] Further, as discussed *supra*, Title VII imposes liability on the employer, and Flesuras is not alleged to be the employer or prospective employer. *See Dunn*, 2025 WL 2028314, *1 ("Title VII precludes personal liability for individual supervisors and managers."). In the *Eitel* analysis, "[t]he lack of meritorious claims and the insufficiency of the complaint are dispositive[.]" *Gulliver's Tavern, Inc. v. Foxy Lady, Inc.*, 2026 WL 915497 at * 1 (9th Cir. April 3, 2026). Plaintiff is not entitled to the entry of default judgment against Flesuras, as the complaint fails to allege facts against him, and the Title VII assertion fails as a matter of law. Accordingly, the Court recommends the motion for default judgment be denied.

Flesuras has also filed a motion to set aside entry of default (ECF No. 24), which the Court will address through separate order.

**IV.    Conclusion**

Plaintiff's Complaint fails to plead sufficient factual content to state a claim to relief under Title VII as to any of the Defendants. It further fails to put Defendants adequately on notice of the claims against them. Therefore,

**IT IS HEREBY RECOMMENDED that:**

**1.** Defendant CDCR and Piva's Motion to Dismiss (ECF No. 6) be GRANTED;

**2.** Defendant SPB's Motion to Dismiss (ECF No. 10) be GRANTED;

**3.** Plaintiff's motion for leave to amend (ECF No. 15), contained in his opposition brief, be GRANTED only as follows:

a.   Plaintiff may seek to plead a retaliation claim against CDCR under Title VII;

b.   Plaintiff may seek to plead a violation of state law against CDCR or SPB;

c.   Plaintiff may seek to plead a claim under § 1983 against an individual who allegedly violated Plaintiff's constitutional rights; and

---

[3] SPB filed the entire right to sue letter (ECF 10-1 at 7-9), as Plaintiff had previously filed only one page. The last page of the letter is signed by Defendant Nicholas Flesuras.

10

**4.** Plaintiff be allowed 21-days from the date of any order adopting these Findings and Recommendations to file a first amended complaint; and

**5.** Plaintiff's motion for default judgment (ECF No. 21) be DENIED.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 7, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

11