UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT HARPER,<br>Plaintiff,<br>v.<br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br>Defendants. | No. 2:25-cv-03700-DC-SCR<br><br><u>ORDER</u> |

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Before the Court is Defendant Nicholas Flesuras' motion to vacate the clerk's entry of default. ECF No. 24. The court finds good cause and will GRANT the motion.

## I. Background and Procedural History

Plaintiff filed this action on December 23, 2025, alleging claims under Title VII of the Civil Rights Act, as codified under 42 U.S.C. §§ 2000e, et seq., against four defendants: 1) the California Department of Corrections and Rehabilitation ("CDCR"); 2) Kenneth Piva, a Correctional Sergeant; 3) the Merit Appeals Division of the State Personnel Board ("SPB"); and 4) Nicholas Flesuras, an Associate Governmental Program Analyst with the California Civil

Rights Department. ECF No. 1 at 1-2. Plaintiff filed a return of service claiming to have served Flesuras by serving an authorized agent on February 4, 2026. ECF No. 4

Defendants CDCR and Piva filed a motion to dismiss on February 25, 2026. ECF No. 6. CDCR and Piva argued failure to state a claim under Rule 12(b)(6), and in the alternative requested a more definite statement. *Id*. at 2. On March 6, 2026, the SPB moved to dismiss pursuant to Rule 12(b)(6) for failure to state a claim and argued that it is not an "employer" under Title VII for the purposes of this claim because Plaintiff has sued CDCR as his potential employer. ECF No. 10-1 at 2. As to the remaining defendant, Flesuras, Plaintiff filed a request for entry of default. ECF No. 8. The Clerk entered default against Flesuras on March 10, 2026. ECF No. 13. Plaintiff also filed a request for entry of default against SPB, but that request was received on the same day, and shortly after, the SPB had filed a motion to dismiss. ECF No. 12. The Clerk denied that request. ECF No. 14.

On April 9, 2026, the Court held a hearing on the motions to dismiss. That same day, Plaintiff filed a motion for default judgment as to Flesuras. ECF Nos. 19 & 21. On April 28, 2026, Flesuras filed a motion to vacate the clerk's entry of default. ECF No. 24. On May 8, 2026, the Court issued Findings and Recommendations ("F&R") that the motions to dismiss be granted and Plaintiff be granted leave to amend. ECF No. 27. Plaintiff did not file an opposition to the motion to vacate the entry of default, and it was submitted without oral argument on May 26, 2026. ECF No. 29. Judge Coggins adopted the F&R, and Plaintiff was allowed to file an amended complaint, which he did on August 17, 2026.

## II. Analysis

The F&R issued May 8, 2026, which has now been adopted, recommended that the motion for default judgment against Flesuras be denied. ECF No. 27 at 8-9. In so doing, the Court stated that the original complaint failed to state a claim against Flesuras. *Id.* at 9. Given that the motion for default judgment has been denied, and that there is a new operative complaint, the clerk's entry of default is now essentially moot. It cannot serve as the basis for a default judgment. To the extent the motion is not moot, Plaintiff did not oppose the motion. Pursuant to Local Rule 230(c), failure to file a timely opposition may be construed by the Court as non-

opposition to the motion.

Rule 55(c) provides that the Court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). The Court's discretion to set aside the entry of default is "especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986). Flesuras offers as good cause that he was not properly served, that he acted promptly after learning of the default, and that he has a meritorious defense. ECF No. 24 at 3. That Flesuras had a meritorious defense is established by the fact the Court found the original complaint failed to state a claim as to him. As to culpable conduct, Flesuras' declaration that he did not have notice of the lawsuit until after the entry of default is unrebutted. ECF No. 24-1. There is no prejudice to Plaintiff, as the case is now proceeding on an amended complaint. The Court finds good cause to set aside the entry of default. *See Mendoza*, 783 F.2d at 946 (affirming the district court's finding of good cause based on defendants' confusion regarding service, the existence of a meritorious defense, and the absence of prejudice to plaintiffs).

Accordingly, **IT IS HEREBY ORDERED** that: Defendant Flesuras' motion to vacate clerk's entry of default (ECF No. 24) is GRANTED.

SO ORDERED.

DATED: August 25, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE